IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

KHAWLA WISE, ON BEHALF OF HASHIM WISE, SALADIN WISE, AL-KHADER
WISE, AND HAJAR WISE, MINORS; SOPHIA WISE, AN INDIVIDUAL,
*Plaintiffs/Appellants*,

*v.*

ASPEY, WATKINS & DIESEL ATTORNEYS AT LAW, P.L.L.C., AN ARIZONA
PROFESSIONAL LIMITED LIABILITY COMPANY; LOUIS M. DIESEL AND JANE DOE
DIESEL, HUSBAND AND WIFE; JASON J. BLISS AND JANE DOE BLISS, HUSBAND
AND WIFE; ABREHET WISE, AN INDIVIDUAL,
*Defendants/Appellees*.

No. 2 CA-CV 2022-0078
Filed February 3, 2023

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2021010021
The Honorable James D. Smith, Judge

**AFFIRMED**

———————————————

COUNSEL

O'Steen & Harrison PLC, Phoenix
By Jonathan V. O'Steen and Lincoln Combs

and

David J. Klink, Attorney at Law, Glendale
By David J. Klink
*Counsel for Plaintiffs/Appellants*

Hunter, Humphrey & Yavitz PLC, Phoenix
By Isabel M. Humphrey
*Counsel for Defendants/Appellees*

## OPINION

Presiding Judge Eckerstrom authored the opinion of the Court, in which Chief Judge Vásquez and Judge Cattani concurred.

¶1        Khawla Wise, on behalf of her four minor children—Hashim, Saladin, Al-Khader, and Hajar—together with her now-adult daughter, Sophia (all five collectively the "Maine children"), appeal from the trial court's dismissal of their lawsuit against Abrehet Wise and her attorneys. For the reasons that follow, we affirm.

### Factual & Procedural Background

¶2        The relevant facts are essentially undisputed. Khawla Wise and Robert DeHardy (formerly Robert Wise) were divorced in Maine in November 2014. In connection with those proceedings, in February 2015, the Maine court terminated DeHardy's parental rights to the Maine children, noting that the parties had "agreed to a termination of parental rights."

¶3        In December 2017, DeHardy was killed in Arizona in a motor vehicle collision with a tribal police officer. He was survived by his widow Abrehet Wise, as well as his mother and several children, including the five Maine children.

### Wrongful Death Lawsuit & Settlement

¶4        Abrehet Wise retained Aspey, Watkins & Diesel PLLC (the "law firm") to file a wrongful death claim against the United States government. In June 2018, the law firm submitted a Form 95 Claim for Damage, Injury, or Death—a precursor to bringing a lawsuit against the United States under the Federal Tort Claims Act. The claim advised the United States that DeHardy "leaves behind a wife, a mother, three adult children, one young son, and one unborn child." The claim requested damages of $32 million payable to those seven survivors. The claim did not mention the five Maine children.

¶5        In January 2019, the law firm filed a wrongful death suit against the United States on Abrehet Wise's behalf "and on behalf of all statutory beneficiaries." The case was filed in federal court in Arizona pursuant to A.R.S. § 12-612(A) (Arizona's wrongful death statute) and 28

U.S.C. § 1346(b)(1) (exclusive jurisdiction for claims against United States in district court where death occurred). As with the Form 95 Claim, the complaint did not list the Maine children as beneficiaries entitled to wrongful death damages.

¶6          At a mediation in June 2020, the parties agreed to settle the wrongful death claim for $1.5 million. In the memorandum of understanding, Abrehet Wise avowed that she was "acting on behalf of herself, her minor children . . ., and all statutory beneficiaries." The settlement purported to resolve all claims of all statutory beneficiaries. It did not allocate any funds to the Maine children. The district court approved the settlement in November 2020 and directed the parties to file a stipulation to dismiss the matter.

¶7          The Maine children were not notified of the claim, the litigation, or the mediation. After the settlement was approved, but before the case was dismissed, Khawla Wise learned that the settlement did not allocate any funds to the Maine children. She objected through counsel. In February 2021, when seeking an extension of the deadline to file the stipulation to dismiss, the parties to the wrongful death lawsuit notified the district court of the objection and that the Maine children claimed to be statutory beneficiaries under Arizona's wrongful death statute. In granting the requested extension, the court noted that the Maine children's claims "raised administrative concerns and unique legal considerations."

¶8          A few days later, Khawla Wise filed a motion to intervene, asserting that the Maine children are statutory beneficiaries under Arizona's wrongful death statute. She argued that intervention was "necessary as the interests of the [Maine children] and Khawla Wise were ignored by the parties in connection with the proposed settlement of th[e] wrongful death claim" in question. In opposing intervention, Abrehet Wise disputed the status of the Maine children as wrongful death beneficiaries. In April 2021, the district court denied the motion to intervene as untimely, and given Khawla Wise's failure to exhaust administrative remedies, but declined to address whether the Maine children are wrongful death beneficiaries.

**This Case**

¶9          In June 2021, Khawla Wise and the Maine children filed a lawsuit in Maricopa County Superior Court against Abrehet Wise, the law firm, and individual attorneys from the law firm. The complaint alleged that the Maine children are "statutory beneficiaries" of DeHardy entitled to

wrongful death damages from the United States. The complaint included a claim for breach of fiduciary duty against all defendants—that they had improperly excluded the Maine children from the wrongful death claim in violation of Arizona law—as well as a claim for legal malpractice against the law firm and individual attorneys.

¶10 In August 2021, Abrehet Wise, the law firm, and the individual attorneys moved to dismiss the complaint under Rule 12(b)(6), Ariz. R. Civ. P., for failure to state a claim upon which relief can be granted. They argued that the Maine children are not statutory beneficiaries under Arizona's wrongful death statute and that no fiduciary duty was owed because DeHardy's parental rights had been terminated in 2015. The trial court agreed, granted the motion, and dismissed the case. After entry of a final judgment, this timely appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## Discussion

¶11 Appellants challenge the Rule 12(b)(6) dismissal. They contend the trial court erred by concluding: (a) that the Maine children are not statutory beneficiaries entitled to recover under Arizona's wrongful death statute; and (b) that there was no breach of fiduciary duty by Abrehet Wise, the law firm, or any individual attorneys.

¶12 We review a trial court's dismissal of a complaint under Rule 12(b)(6) *de novo* to determine whether the court correctly concluded that, as a matter of law, the plaintiff would not be entitled to relief under any interpretation of the alleged facts. *Coleman v. City of Mesa*, 230 Ariz. 352, ¶¶ 7-8 (2012). "[W]e will affirm the court's order dismissing a complaint if it is correct for any reason." *Fappani v. Bratton*, 243 Ariz. 306, ¶ 8 (App. 2017).

**Beneficiary Status**

¶13 Throughout the time period relevant here, [1] Maine law provided that "[a]n order terminating parental rights divests the parent and

---

[1]The Maine statute regarding the effects of an order terminating parental rights has since been amended to preserve a child's inheritance rights only "if so provided in the order." Me. Stat. 22 § 4056(1) (2022) (effective Sept. 1, 2019); *see also* Me. Stat. 18-C § 9-108(4) (2022) (effective Sept. 1, 2019) (laws in effect on August 31, 2019 apply to proceedings

child of all legal rights, powers, privileges, immunities, duties and obligations to each other as parent and child, except the inheritance rights between the child and parent." 2018 Me. Laws ch. 402, § D-2.[2] And Arizona law establishes that, "[w]hen the relationship of parent and child has been terminated by judicial decree in another state, such decree shall have the same force and effect as to matters within the jurisdiction of [Arizona] as though it had been granted by a court of this state." A.R.S. § 8-544. Thus, under Arizona law, the Maine court's 2015 order divested DeHardy and the Maine children of "all legal rights" except those related to inheritance. The question thus becomes whether the right to recover for a wrongful death that occurred in Arizona is a legal right related to inheritance.

¶14        Appellants correctly concede that Arizona's wrongful death statute, A.R.S. § 12-612, controls. *See* 28 U.S.C. § 1346(b)(1) (wrongful death claim dependent on whether government, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). As such, regardless of the relationships that may have endured between DeHardy and the Maine children and the impact his death may have had on them, the dispositive legal issue is whether the Maine children remained statutory beneficiaries under Arizona's wrongful death statute after the Maine court terminated DeHardy's parental rights in 2015.

¶15        Section 12-612(A) provides as follows:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

"By its plain language, the statute creates a limited class of beneficiaries who may sue." *Edonna v. Heckman*, 227 Ariz. 108, ¶ 11 (App. 2011). It

_____

regarding orders terminating parental rights entered before September 2019).

[2] Arizona similarly provides that "[a]n order terminating the parent-child relationship shall divest the parent and the child of all legal rights, privileges, duties and obligations with respect to each other except the right of the child to inherit and support from the parent." A.R.S. § 8-539.

excludes "several relationships that the law generally recognizes as sufficiently close to trigger rights of inheritance," such as siblings, grandparents, and grandchildren. *Id.* And it "contains no elastic category that would permit the court to evaluate the extent or quality of the familial relationship." *Id.* Thus, "only those persons expressly identified in the statute" have standing to bring or recover through a wrongful death action. *Id.*; *see also Benedict v. Total Transit Inc.*, 252 Ariz. 151, ¶ 9 (App. 2021) (right of action for wrongful death is purely statutory and action must be brought in name(s) of person(s) to whom that right is given by statute).

¶16            In Arizona, "the right to bring a wrongful death action does not depend on the right to inherit—it is a personal right to be compensated for one's own loss." *Edonna*, 227 Ariz. 108, ¶ 18. Under the express terms of § 12-612(A), that right only equates to a right to inherit "if none of [the specified beneficiaries] survive." Thus, because only inheritance rights between the Maine children and DeHardy were preserved when the Maine court terminated DeHardy's parental rights in 2015, *see* 2018 Me. Laws ch. 402, § D-2, and because other specified beneficiaries with priority under A.R.S. § 12-612(A) survive, the Maine children are excluded from the class of individuals entitled to pursue wrongful death damages resulting from DeHardy's death.[3]

¶17            Relying on *Edonna*, Appellants contend that adoption, and not the termination of parental rights, eliminates a child's right to participate in a wrongful death claim. *Edonna* concluded that an adoption eliminated a child's standing to pursue a wrongful death claim for the death of a biological parent. 227 Ariz. 108, ¶¶ 1, 3, 5-6. But nothing in that opinion indicates that termination of parental rights leaves intact any legal right "except the right of the child to inherit" (and support) from the parent as provided in A.R.S. § 8-539. To the contrary, *Edonna* makes plain that "other authority"—such as statutory language and case law on the effects of termination orders and the nature of wrongful death claims in Arizona— must be considered in ascertaining who has standing to press a wrongful

---

[3]Some jurisdictions take a different approach and "recognize a link between the right to bring a wrongful death action and an individual's status as an heir or ability to take under intestacy statutes." *Edonna*, 227 Ariz. 108, ¶ 21. Maine is one of those jurisdictions. *See* Me. Stat. 18-C § 2-807(2) (2022) (effective Sept. 19, 2019). But DeHardy died in Arizona, and the wrongful death lawsuit against the United States was correctly brought in federal court here, with reference to Arizona's wrongful death laws. *See* 28 U.S.C. § 1346(b)(1).

death claim. *See* 227 Ariz. 108, ¶¶ 12-14. And, as explained above, such authority supports the trial court's conclusion that the 2015 Maine court termination divested the Maine children of their legal right to recover for DeHardy's wrongful death.

¶18 Appellants also argue that the Maine children's right to a wrongful death recovery remains intact under a separate provision of Maine law providing that "[n]o order terminating parental rights may disentitle a child to benefits due him from any 3rd person, agency, state or the United States." Me. Stat. 22 § 4056(4) (2022) (effective Sept. 1, 2019).[4] But the Maine statute does not compel a third party to award benefits; it simply provides that if benefits are awarded, the right to receive them is not voided by an order terminating parental rights. And here, even if a wrongful death award could be construed as a "benefit," no such benefit has been awarded to the Maine children by any third person, agency, state, or the United States. Thus, there are no relevant "benefits due" to the Maine children.

**Fiduciary Duty**

¶19 Citing *Wilmot v. Wilmot*, 203 Ariz. 565 (2002), Appellants argue that Abrehet Wise, the law firm, and the individual attorneys "breached fiduciary duties owed to the [Maine] children." They contend that, "[e]ven if a question existed regarding their status, it was not Appellees' role to decide that question, much less to act adverse[ly] to their fiduciaries' interests and to unilaterally decide it against them."

¶20 Under *Wilmot*, a wrongful death plaintiff and her counsel owe fiduciary obligations to other statutory beneficiaries. *Id*. ¶¶ 13-23, 33. But *Wilmot* involved statutory beneficiaries: a decedent's children whose legal ties remained intact. *See id*. ¶ 4. Nothing in that case illuminates what, if any, duty exists to individuals who claim to be statutory beneficiaries but are not. Appellants have cited no authority—and we are unaware of any—supporting their contention that Abrehet Wise, the law firm, or the individual attorneys had fiduciary obligations "to *all* [DeHardy's] surviving . . . children who could be potential statutory beneficiaries under

---

[4]Although, as noted above, subsection (1) of the Maine statute has since been amended, subsection (4) thereof—the still-current language quoted here—was also in effect at the time of the Maine court's termination of DeHardy's parental rights in 2015.

Arizona's wrongful death statute," notwithstanding that those relationships had been legally terminated years earlier.

## Disposition

**¶21** For all the foregoing reasons, we affirm the judgment of the trial court.